# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 17-215 (DWF/BRT) |
| Plaintiff, | |
| v. | |
| Steven B. Markusen and Jay C. Cope, | **ORDER** |
| Defendants. | |

John E. Kokkinen, Esq., Assistant United States Attorney, counsel for Plaintiff.

William J. Mauzy, Esq., Mauzy Law PA, counsel for Defendant Steven B. Markusen.

Andrew S. Birrell, Gaskins, Bennett & Birrell, LLP, counsel for Defendant Jay C. Cope.

This action came on for hearing before the Court on July 11, 2018, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN, 55101. The parties have filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1.** **Government's Motion for Discovery.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Defendants do not oppose this motion. Therefore, the Government's Motion for Discovery **(Doc. No. 35)** is **GRANTED**.

2. **Defendants' Motions for Discovery and Inspection.** Both Defendants move for Orders requiring the Government to produce certain documents for inspection and copying. The Government does not object to producing materials that fall within the scope of Rule 16 of the Federal Rules of Criminal Procedure. The Government does object, however, to Defendants' requests insofar as they go beyond the scope of what is required by Rule 16. On that understanding, Defendants' Motions for Discovery and Inspection (**Doc. Nos. 42, 55**) are **GRANTED IN PART** and **DENIED IN PART**. The Government's expert disclosures shall be made **30 days** before trial, and the Defendants' expert disclosures shall be made **15 days** before trial.

3. **Defendants' Motions for *Brady* and *Giglio* Materials.** Both Defendants move for disclosure of exculpatory, favorable, and impeaching information under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The Government responds that it is aware of its obligations under *Brady* and *Giglio*, but the Government objects to the motions insofar as they go beyond the requirements of these cases and their progeny. For example, Defendants suggest that the Government should be ordered to make inquires of other agencies in order to identify additional *Brady* and *Giglio* evidence, but the Government's duty to search for and learn of material exculpatory evidence only applies to agencies "closely aligned with the prosecution." *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992); *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996) (holding that there is no "duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue"). On that understanding,

Defendants' Motions for *Brady* and *Giglio* Materials **(Doc. Nos. 43, 53, 57)** are **GRANTED IN PART** and **DENIED IN PART**.

4. **Defendant Markusen's Motion for Disclosure of Rule 404(b) Evidence**. Defendant Markusen moves for an Order requiring the Government to disclose, one month before the trial date in this matter, any evidence of other crimes, bad acts, or similar course of conduct which it intends to offer pursuant to Federal Rule of Evidence 404(b). The Government states that it is aware of its obligations under Rule 404(b) and intends to comply fully with those obligations. Moreover, the Government has already agreed to produce any Rule 404(b) material at least 30 days before trial to Defendant Cope, and proposes doing the same for Defendant Markusen. The Government requests, however, that the order be narrowly drawn to make clear that Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *see also United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) ("[W]here the other crime is so 'inextricably intertwined' with the charged crime . . . Rule 404(b) is not implicated, . . ."). On that understanding, Defendant's Motion to Require Notice of Intention to Use Other Crimes, Wrongs, or Act Evidence **(Doc. No. 49)** is **GRANTED IN PART** and **DENIED IN PART**.

5. **Defendant Markusen's Motion to Compel Affirmance or Denial of Unlawful Acts.** Defendant Markusen seeks an affirmance or denial by the Government

indicating which agencies may have participated in obtaining evidence against him through wiretapping, eavesdropping, or other surveillance techniques. The Government has already disclosed that it did not use any electronic surveillance, wiretapping, or warrantless searches and seizures in this matter. Therefore, Defendant Markusen's Motion to Compel Affirmance or Denial of Unlawful Acts **(Doc. No. 50)** is **DENIED** as moot.

    **6.** **Defendant Markusen's Motion for Bill of Particulars.** Defendant Markusen moves for an Order directing the Government's production of a Bill of Particulars that will provide necessary, specific information about the fraudulent representations and deprivations alleged against him. The test for determining whether a bill of particulars is required is whether it is necessary to "inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982). If the indictment is sufficient to inform Defendant of the essential elements of the charges, a bill of particulars should be denied. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars "is not to be used to provide detailed disclosure of the government's evidence at trial." *Wessels*, 12 F.3d at 750; *see also Matlock*, 675 F.3d at 986 ("Acquisition of evidentiary detail is not the function of the bill of particulars.").

    The Indictment details a scheme in which the defendants conspired to defraud investors in the Archer Equity Fund and Archer Focus Fund (collectively, the "Funds"). According to the Indictment, this conspiracy involved (a) falsely seeking reimbursement

4

of expenses paid to Defendant Cope and others, (b) engaging in trading designed to maximize the "soft dollar" balance available to pay Cope and others, and (c) manipulating the market by "marking the close." The Indictment contains a plain, concise, and definite written statement of the essential facts of the offense charged.

Markusen, however, requests the following information:

- With respect to ¶ 8 of the Indictment, identify the particular language used to allegedly represent to Four Winds that Archer had paid research fees for Cope's work, as well as the dates of each alleged representation.

- With respect to ¶ 9 of the Indictment, identify any particular stock trades involving "Soft Dollar Brokers" that are alleged to be fraudulent, or admit that none of the stock trades involving Soft Dollar Brokers were fraudulent.

- With respect to ¶ 10 of the Indictment, identify each allegedly fraudulent stock trade intended to artificially inflate the value of the private hedge funds, or admit that there were none.

- With respect to ¶ 11 of the Indictment, identify each instance in which Markusen allegedly requested reimbursement for expenses that Archer Advisors LLC did not pay.

The Court agrees with the Government that those paragraphs provide adequate descriptions that permit Markusen to identify the relevant documents in the discovery that has been provided.[1] Since the Indictment is not vague or indefinite, Markusen is not

---

[1] *See, e.g.*, Doc. No. 1, Indictment ¶ 11 ("It was further part of the scheme to defraud that MARKUSEN fraudulently sought reimbursements from the Funds for expenses that Archer did not actually pay. At various times between February 2009 and June 2013, MARKUSEN requested reimbursements from the Funds for expenses purportedly paid by Archer to two other entities, Edge Research and Bloomberg, when, in reality, Archer had not actually paid such expenses. As with COPE's research fees, soft dollars had sometimes been used to pay the fees by Edge Research and Bloomberg and yet MARKUSEN fraudulently requested reimbursement from the Funds for those same fees.").

entitled to a bill of particulars. Defendant Markusen's Motion for Bill of Particulars **(Doc. No. 51)** is **DENIED**.

7. **Defendant Markusen's Motion for Disclosure of Informants and Witnesses**. Defendant Markusen moves for an Order compelling the Government to disclose the names and addresses of any informants and cooperating individuals pursuant to *Rovario v. United States*, 353 U.S. 53 (1957). The Government has indicated that it did not utilize any informants in the investigation of this case. Therefore, Defendant Markusen's Motion for Disclosure of Informants and Witnesses **(Doc. No. 56)** is **DENIED** as moot.

8. **Defendant Markusen's Motion for Disclosure of Jencks Act Material.** Defendant Markusen moves for an Order requiring the early disclosure of Jencks Act material. The Government objects to any court-ordered disclosure of witness statements prior to the witness's testimony. *See* 18 U.S.C. § 3500. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Markusen's Motion for Disclosure of Jencks Act Material **(Doc. No. 58)** is **DENIED**. The Government represents that it has already agreed to disclose any Jencks Act material not already disclosed well in advance of trial, and nothing in this Order precludes such disclosure. Counsel should confirm the timing of those disclosures.

**9. Defendant Markusen's Motion for Government to Retain Rough Notes.** The Government does not object to this motion, and has instructed investigators and agents to maintain their rough notes. Therefore, Defendant's Motion for Government to Retain Rough Notes **(Doc. No. 60)** is **GRANTED**.

**10. Defendant Cope's Motion for Severance.** Defendant Cope moves for an order severing this case for trial from that of his co-defendant Markusen, and requiring the Government to provide to the Court for *in camera* inspection—for the purposes of determining severance—any statements by co-defendants the Government intends to use as evidence. This motion **(Doc. No. 44)** is taken under advisement, and the Court will issue a **Report and Recommendation** to the District Court.

11. The deadline to submit proposed voir dire and jury instructions, as well as the dates for the final pretrial/status conference and jury trial before United States District Judge Donovan W. Frank, will be set following a ruling on Defendant Cope's Motion to Sever. (Doc. No. 44.)

Date: July 13, 2018.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge